| | DATE FILED: December 21, 2020 3:38 PM<br>FILING ID: E1E2ABB8F2552<br>CASE NUMBER: 2020CV34308 |
|---|---|
| **DISTRICT COURT, DENVER COUNTY**<br>**STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, Colorado 80202<br><br>**WOODBERG ROOFING & RESTORATION LLC,**<br><br>　　　Plaintiff,<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>　　　Defendant. | ^COURT USE ONLY^ |
| *Attorney for Plaintiff*:<br>Katherine E. Goodrich, No. 48853<br>Rodney J. Monheit, No. 48919<br>MoGo LLC<br>2701 Lawrence Street, Suite 113<br>Denver, Colorado 80205<br>Tel: 303.357.1317<br>katie@mogollc.com<br>rodney@mogollc.com | **Case No:** |
| **COMPLAINT** | |

COMES NOW, Woodberg Roofing & Restoration LLC ("Woodberg" or "Plaintiff"), by and through its counsel, MoGo LLC, and alleges and avers as follows for its Complaint:

## I.   PARTIES AND JURISDICTION

1.   Plaintiff is a Colorado limited liability company.

2.   Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant") is an insurance company domiciled in the State of Illinois.

3.  Defendant is licensed to conduct the business of insurance in Colorado, and at all relevant times hereto conducted the business of insurance in Colorado.

4.  Defendant issued to Ivan Soto a homeowners insurance policy, No. 06-BQ-F696-0 (the "Policy"), which provides insurance coverage to Mr. Soto's residential home located at 1009 Carr Street, Lakewood, Colorado 80214 (the "Property").

5.  The Policy was entered into in Colorado, and the events described in this Complaint, occurred in Colorado.

6.  This Court has personal jurisdiction over Defendant under C.R.S. § 13-1-124(1)(a), (b), or (d).

7.  Venue is proper in this district under C.R.C.P. 98(c), which Plaintiff designates as the place of trial.

## II.   GENERAL ALLEGATIONS

8.  Plaintiff realleges each and every allegation of this Complaint as if fully set forth herein.

9.  The Policy covers the Property on a replacement cost basis, which generally means that when a covered peril (e.g., hail) causes loss or damage to the Property, State Farm will pay the cost to repair or replace the loss or damage, less the applicable deductible.

10. On or about May 9, 2017, a hailstorm struck the Property causing damage.

11. Defendant was timely notified of the loss, and designated it with a claim number, No. 068441C51.

EXHIBIT B

12. The Property is comprised of five (5) separate buildings: two storage sheds, a house, a shop, and a garage.

13. The roofs of all buildings on the Property except for the garage were comprised of molded French-Bar concrete roof tiles and wood shakes/shingles.

14. On or about May 1, 2019, Mr. Soto met with Dale Marek, a Claim Representative for State Farm, for an inspection of the Property.

15. Following the May 1, 2019 inspection, Defendant, through Mr. Marek, submitted correspondence to Mr. Soto on or about May 3, 2019 denying coverage for most of the damage to the Property. Defendant informed Mr. Soto that most of the damage to the Property was caused by wear, tear and deterioration, which are not covered causes of loss under the Policy.

16. Defendant also submitted an estimate with its May 3, 2019 denial letter. In all, Defendant estimated the total replacement cost to repair the Property for damage caused by hail was $13,383.16. Defendant asserted that the roofs on the Property could be repaired on a piece-meal basis using salvaged tiles or custom-made tiles.

17. Defendant did not approve payment of any general contractor overhead and profit.

18. On or about May 6, 2019, Mr. Soto entered into a repair contract with Plaintiff, which included an assignment of the right to collect the insurance proceeds due and owing for the claim.

19. On or about April 29, 2019, Plaintiff completed and submitted an estimated cost of repairs totaling $106,435.64. Plaintiff's estimate called for complete removal and replacement of all roof tiles and wood shingles on the Property.

EXHIBIT B

20. On or about May 8, 2019, Plaintiff demanded appraisal, and named Roy A. Becker as Plaintiff's appraiser.

21. On or about August 21, 2019, Umpire David Phalen and Appraiser Roy A. Becker signed an appraisal award for $101,047.08 RCV, and $62,140.58 ACV.

22. The appraisal award includes full removal and replacement of all roofs, includes overhead and profit, and affirms that hail was the cause of loss.

### III.   FIRST CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1115 & Relief Under C.R.S. § 10-3-1116)

23. Plaintiff realleges each and every allegation of this Complaint as if fully set forth herein.

24. Section 10-3-1115(1) and (2), C.R.S., forbids insurers such as State Farm from unreasonably delaying payment of a claim for benefits owed to or on behalf of any first-party claimant.

25. Woodberg is a first-party claimant, as that term is defined in C.R.S. § 10-3-1115(1)(A)(I). Woodberg and the Sotos executed an assignment of the insurance benefits due and owing for this claim, including the right to bring this lawsuit against Defendant.

26. Defendant delayed payment of over $80,000.00 in first-party benefits and did so without a reasonable basis within the meaning of C.R.S. § 10-3-1115(2).

27. Defendant's conduct fell below the applicable common law and industry standards of care.

28.     An objectively reasonable insurer in Defendant's position would not have acted as Defendant has acted.

29.     An objectively reasonable insurer in Defendant's position would have:

   a. Properly adjusted the tile and wood roofs to account for full replacement;

   b. Properly priced the removal and replacement of the broken tiles;

   c. Conducted a reasonable inspection based upon all available inspection based upon all available information; and

   d. Approved payment of general contractor overhead and profit in its estimate.

30.     An objectively reasonable insurer in Defendant's position would not have:

   a. Placed its own interests above those of its insured;

   b. Refused to pay the claim before conducting a reasonable investigation based upon all the available information; or

   c. Conducted other acts to be revealed in discovery.

**WHEREFORE** Plaintiff Woodberg Roofing & Restoration LLC requests that the Court enter judgment in its favor and against Defendant State Farm Fire & Casualty Company and award damages:

- For two times the covered benefits unreasonably delayed, as permitted by C.R.S. § 10-3-1116(1);

- For attorneys' fees, costs and expenses incurred herein, as permitted by C.R.S. § 10-3-1116(1);

EXHIBIT B

- For such other and further relief as the law permits and this Court deems just and proper.

Dated: December 21, 2020               Respectfully submitted,

*s/ Katherine E. Goodrich*
Katherine E. Goodrich
Rodney J. Monheit

**Plaintiff's Address:**
1685 S Colorado Blvd. Unit S-266
Denver, CO 80222

EXHIBIT B